OPINION
This case presents a timely appeal from a decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, denying Appellant's motion for shared parenting of his two minor children. Appellant contends that the court's decision was against the manifest weight of the evidence presented and that the trial judge abused his discretion by denying the motion. For the following reasons, this Court affirms the judgment of the trial court.
Appellant, Randy Joseph Pavlicko, and Appellee, Toni Lynn Pavlicko, were married on April 27, 1985. (Judgment Order, Finding of Fact, 4). The parties had two children. Their daughter was born on March 18, 1992, and their son was born on November 13, 1993. After approximately ten years of marriage, problems in the parties' relationship developed and Appellant moved out of the marital home sometime in August of 1995. (Transcript, p. 83).
Appellee filed for divorce on February 11, 1997, and a trial to the court was held on November 26, 1997. Prior to the trial, both parties were able to resolve all issues except matters related to spousal support and the allocation of parental rights and responsibilities. At trial, Appellant filed a motion for shared parenting which was heard by the court. At the conclusion of the hearing, the court ordered both parties to submit proposed findings of fact and conclusions of law.
By a judgment order dated January 13, 1998, the trial court approved the stipulations of the parties regarding the division of all real and personal property. This same judgment order designated Appellee as the residential parent of the two minor children, thereby overruling Appellant's proposed shared parenting plan. The court also decided that spousal support was not appropriate or reasonable for either party.
It is the court's decision denying Appellant's motion for shared parenting which forms the basis of this appeal. In his sole assignment of error, Appellant contends that:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR SHARED PARENTING, SINCE THE TRIAL COURT'S DENIAL OF SHARED PARENTING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Although Appellant's assignment of error asserts that the decision of the trial court was against the manifest weight of the evidence, this Court must interpret Appellant's argument to be centered around an alleged abuse of discretion on the part of the trial court in denying Appellant's motion for shared parenting. A trial court has broad yet limited discretion in matters of custody determination. Miller v. Miller (1988),37 Ohio St.3d 71. This is the standard in Ohio as the trial court has discretion to do what is equitable upon the facts and circumstances of each case. Booth v. Booth (1989), 44 Ohio St.3d 142,144. As such, "a trial court does not abuse its discretion in an award of custody and its decision will not be reversed as against the manifest weight of the evidence when it is supported by a substantial amount of competent and credible evidence."Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The trial court's discretion is limited only in that its determination on a motion for shared parenting must be based on what is in the best interest of the children and must entail consideration of all relevant factors including, but not limited to, those listed in R.C. § 3109.04(F)(1) and (2). Appellant does not contend that the trial judge failed to consider the statutory factors when denying his motion for shared parenting, only that his ultimate decision reflects an abuse of discretion.
During the trial in this matter, there was evidence before the court to indicate that Appellant did not have a good relationship with the children when the parties were living together due to his extremely long working hours, (Transcript, pp. 83, 98, 99); that Appellant did not participate in any of the children's school activities and could not recall the name of his daughter's preschool teacher, (Transcript, pp. 44, 45, 87); that Appellant had demonstrated a great deal of anger towards Appellee in the presence of the children, (Transcript, pp. 52, 90); that when the children were with Appellant during visitation, he would take them to his place of business which was characterized as a salvage yard or a junkyard that is unsafe for children, (Transcript, p. 96); that Appellant had failed to follow a medically necessary regimen for his daughter's eye condition, (Transcript, p. 92); that Appellant had left the children unattended in a car on more than one occasion, (Transcript, pp. 57, 95, 96) and that Appellee had been the childrens' primary care giver for their entire lives. (Transcript, p. 92).
The judgment order denying Appellant's proposed shared parenting plan includes the trial court's comprehensive findings of fact and conclusions of law which recounts the evidence its judgment was based upon. Additionally, the trial judge specifically noted that all of the statutory factors codified in R.C. §§ 3109.04(F)(1) and (2) had been considered. The record before us adequately reflects that the trial court's judgment was based upon a substantial amount of competent and credible evidence and as such was within its sound discretion.
Accordingly, Appellant's sole assignment of error is overruled and the judgment of the Mahoning County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.
Vukovich, J., concurs.
Donofrio, J., concurs.
APPROVED:
 _____________________________ CHERYL L. WAITE, JUDGE